THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Larry Brent
 Horton, Appellant.
 
 
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge

Unpublished Opinion No.  2010-UP-406
 Submitted September 1, 2010  Filed
September 16, 2010

AFFIRMED

 
 
 
 Senior Appellate Defender Joseph L.
 Savitz, III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Donald J. Zelenka, Assistant Attorney General Anthony Mabry, all of Columbia;
 and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Larry Brent Horton appeals his murder
 conviction and life imprisonment sentence, arguing the trial court erred in refusing
 to charge the jury on voluntary manslaughter.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  State v. Cottrell, 376 S.C. 260, 262, 657 S.E.2d 451, 452
 (2008) ("Voluntary manslaughter is the unlawful killing of a human being
 in sudden heat of passion upon sufficient legal provocation.  In determining
 whether voluntary manslaughter should be charged as a lesser offense of murder,
 the court must view the evidence in the light most favorable to the defendant.
 The charge need not be given where it clearly appears that there is no evidence
 whatsoever tending to reduce the crime from murder to manslaughter.  We
 therefore review the evidence in the light most favorable to appellant, mindful
 that the charge request is properly rejected only where there is no evidence
 whatsoever of the lesser offense.") (internal citations and quotations
 omitted); State v. Smith, 363 S.C. 111, 115, 609 S.E.2d 528, 530 (Ct.
 App. 2005) ("'Both heat of passion and sufficient legal provocation must
 be present at the time of the killing.  The provocation must be such as to
 render the mind of an ordinary person incapable of cool reflection and produce
 an uncontrollable impulse to do violence.'") (quoting State v. Cooley,
 342 S.C. 63, 67, 563 S.E.2d 666, 668 (2000)).
AFFIRMED.
FEW, C.J., HUFF and
 GEATHERS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.